Filed 6/3/22  Marriage of Cunningham CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of JENNIFER and JOHN PAUL CUNNINGHAM. | 2d Civil No. B313700 (Super. Ct. No. D372438) (Ventura County) |
| JOHN PAUL CUNNINGHAM,<br><br>    Appellant,<br><br>v.<br><br>JENNIFER CUNNINGHAM,<br><br>    Respondent;<br><br>VENTURA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Respondent. | |

John Paul Cunningham appeals from the trial court's order modifying a prior child support order.  He contends:  (1) the

court lacked authority to reduce the amount of income imputed to his ex-wife, Jennifer Cunningham, for purposes of recalculating his child support payments, (2) the court violated his due process rights because it did not provide notice that it would reduce the amount of her imputed income, and (3) substantial evidence does not support the modified order. We affirm.

FACTUAL AND PROCEDURAL HISTORY

John and Jennifer[1] married in 1997. They had four children together. The two separated in 2015, and divorced in 2019. In the judgment of dissolution the trial court imputed $5,000 in monthly income to Jennifer for purposes of calculating John's child support payments.

In 2021, Jennifer requested an order modifying John's monthly child support payments based on his change in employment and his decreased custody of their daughter. At the hearing on that request, Jennifer testified about her monthly income and expenses. She said that she "ha[d] been on Social Security Disability since January of 2000 and [had] not had a job since." She suffers from rheumatoid arthritis, fibromyalgia, and a degenerative disc disease, all of which have "gotten worse every year." Her arthritis has spread, and the inflammation markers in her blood have been high lately.

During closing arguments, John argued that Jennifer "should be imputed the $60,000 income." He pointed out that she did not request that the income not be imputed to her, and there was "no evidence that she [could not] earn that money anymore." He also argued that there had been "no change of circumstances whatsoever regarding [Jennifer's] disability since . . . judgment was entered" in 2019.

---

[1] We use the parties' first names for clarity.

2

After taking the matter under submission, the trial court issued a modified child support order. In the order the court found that John's monthly gross income had increased from $20,833 to $23,664 while Jennifer's had decreased from $5,000 to $3,393. Based on those changes the court increased John's payments by $403, from $2,188 to $2,591 per month.

DISCUSSION

*Authority to reduce imputed income*

John first contends the trial court lacked authority to reduce the amount of income imputed to Jennifer when it modified the child support order. John is wrong.

A request to modify a child support order, like the one filed by Jennifer, "put[s] modification in general [at] issue[,] and authorizes the court 'to either increase or decrease the payments to meet the equities of the situation.'" (*In re Marriage of O'Connell* (1992) 8 Cal.App.4th 565, 575.) The court does this by "consider[ing] the complete picture of both parents' incomes and expenses[,] as well as the relative times of custody." (*Ibid.*) It may also consider a parent's earning capacity if doing so is "consistent with the best interests of the children, . . . the overall welfare and developmental needs of the children, and the time that parent spends with the children." (Fam. Code, § 4058, subd. (b).) That is what the trial court did here.

*Notice of reduced imputed income*

John next contends his due process rights were violated because he "was not given any prior notice that the trial court might, on its own motion, make a finding [Jennifer] is unemployable and [that] the imputation [of income to her] no longer applies." But John did not object about lack of notice at

the hearing. His contention is therefore forfeited. (*In re B. G.* (1974) 11 Cal.3d 679, 689.)

It also fails on the merits. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citations.]" (*Mathews v. Eldridge* (1976) 424 U.S. 319, 333.) Here, John had notice of Jennifer's request to modify the child support order. He also had notice that the trial court could reevaluate Jennifer's income at that hearing: When the judgment of dissolution was entered in 2019, the court provided him with a "Notice of Rights and Responsibilities," which told him that the child support order could be modified based on any changes to the income of one or both parents. And at the hearing on Jennifer's request he questioned her about her income, expenses, and earning capacity, and presented arguments about how much income should be imputed to her. He thus had the opportunity to be heard at a meaningful time and in a meaningful manner.

*Evidence supporting reduced imputed income*

Finally, John contends there was insufficient evidence to modify the child support order. We disagree.

"We review a child support order for abuse of discretion." (*In re Marriage of Alter* (2009) 171 Cal.App.4th 718, 730.) "In so doing, we determine '"whether the court's factual determinations are supported by substantial evidence."'" (*Ibid.*) "Evidence is 'substantial' . . . if it is of ponderable legal significance, reasonable in nature, credible, and of solid value." (*Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201 (*Consolidated Irrigation*).)

Substantial evidence supports the trial court's modification of the child support order. As the party who

4

requested the modification, Jennifer bore the burden of showing that her circumstances had changed such that reducing the amount of income imputed to her was warranted. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1054.) She testified that her disabilities had gotten worse since the judgment of dissolution was entered in 2019. The trial court found that testimony credible. And John has not shown that "that testimony [was] incredible on its face or inherently improbable." (*Consolidated Irrigation*, *supra*, 204 Cal.App.4th at p. 201.) We must thus uphold the trial court's determination that less income should be imputed to Jennifer. (See *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614 [testimony of single witness satisfies substantial evidence standard].)

DISPOSITION

The trial court's order modifying John Paul Cunningham's child support payments (entered on June 2, 2021, and amended to correct clerical errors on August 4, 2021) is affirmed. Respondents Jennifer Cunningham and the Ventura County Department of Child Support Services shall recover their costs on appeal.

NOT TO BE PUBLISHED.

TANGEMAN, J.

We concur:

GILBERT, P. J.        YEGAN, J.

5

William R. Redmond, Judge

Superior Court County of Ventura

_____

       The Law Offices of Anthony Ukran and Anthony Ukran for Appellant.

       Jennifer Cunningham, in pro. per., for Respondent Jennifer Cunningham.

       Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Gregory D. Brown and Jacquelyn Y. Young, Deputy Attorneys General, for Respondent Ventura County Department of Child Support Services.